# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

NELSON ROLANDO MUNOZ,

Petitioner,

v.

MARKWAYNE MULLINS, *et al.*,

Respondents.

Case No. 26-cv-03928-BAS-VET

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Nelson Rolando Munoz filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 requesting a bond hearing. (ECF No. 1.)  The Government responded to the Petition, acknowledging that Petitioner is a member of the class certified in *Maldonado Bautista*, and thus, the Government "do[es] not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (ECF No. 4.)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within 10 days.

- 1 -

26cv3928

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    ANALYSIS

Petitioner is a Honduran national who entered the United States without inspection in 1993—over thirty years ago. (Pet. ¶ 2.) He has two U.S. citizen children. (*Id.*) On June 24, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner in the interior of the United States. (*Id.*) He has been denied a bond hearing solely on the ground that his detention was mandatory pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.* ¶¶ 2–12.)

The Central District of California has certified a class of which Petitioner is a member and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025). Although the Ninth Circuit has stayed application of the class to any members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026). The Government concedes that Petitioner is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a). (ECF No.

26cv3928

4.) Hence, for all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

## III.  CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Nelson Rolando Munoz (A#094-258-011) within 10 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 10 days, Petitioner is ordered released forthwith.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: July 16, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv3928